# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS HOLLIS, JAMES TAYLOR, SIMON EVANS, MITCHELL DIVENTURA, and DIANE METZGER<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:08-CV-1452<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court are Defendants' Motion to Dismiss the Amended Complaint (Doc. 7) and Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 33). The Court will grant Defendants' Motion to Dismiss because Plaintiffs lack standing to bring their claims and deny Plaintiffs' Motion for Leave to File a Second Amended Complaint because the proposed amendments would be futile.

## BACKGROUND

Prior to 1997, Article IV, Section 9 of the Pennsylvania Constitution granted the governor the power to commute sentences and grant pardons after a majority vote was received by the Board of Pardons ("the Board") recommending that the governor take such action. (Doc. 5, Am. Compl. ¶ 16.) On November 4, 1997, a ballot initiative was passed that amended the Pennsylvania Constitution to require a unanimous vote by the Board of Pardons before a recommendation to pardon or commute the sentence of an inmate who had been sentenced to death or life imprisonment would be given to the

governor. (*Id.* ¶ 17). Also, a "merit review" process was established that required the Board of Pardons to reach a majority vote before an application for a pardon or commutation would be granted a public presentation and hearing. (*Id.* ¶¶ 24-25.) Plaintiffs allege that there have been no hearings granted by the Board of Pardons for a life sentence prisoner since December 2004. (*Id.* ¶ 26).

Plaintiff Douglas Hollis ("Hollis") received a life sentence in 1976. (*Id.* ¶ 30.) Hollis has submitted applications for clemency in 1987, 1988, 1991, 1992, 1994, and 2005; he withdrew his 2005 application and also has an application filed October 5, 2007 that is currently pending. (*Id.* ¶¶ 32, 35-36.) In 1992, Hollis received a 4-1 vote from the Board in favor of clemency, but then-Governor Bob Casey denied the application. (*Id.* ¶ 37.)

Plaintiff James Taylor ("Taylor") received a life sentence in 1978. (*Id.* ¶ 57.) Taylor filed applications for commutation in 1981, 1987, 1993, 1994, 2000, and 2004. (*Id.* ¶ 63.) He was denied recommendation by the Board by a vote of 0-5 in 1981. (*Id.* ¶ 64.)

Plaintiff Simon Evans ("Evans") received a life sentence in 1972. (*Id.* ¶ 99.) Evans filed an application for commutation in 1991, 1995, and 2003; he also filed an application on March 24, 2008 that is currently pending before the Board. (*Id.* ¶¶ 101-102.) Evans does not allege the outcomes of any of these applications, but does allege that no action has been taken on the pending application. (*Id.* ¶ 103.)

Plaintiff Mitchell DiVentura ("DiVentura") received a death sentence in 1979; his conviction was overturned but he was retried and found guilty again in 1982. (*Id.* ¶ 138.) In 1988, the Board voted 3-0 in favor of commuting DiVentura's sentence, but the application was denied by Governor Casey. (*Id.* ¶ 142.) In 1989, the Board voted in favor

of commuting DiVentura's sentence by a 3-1 count, but he was denied again by Governor Casey. (*Id.* ¶ 143.) DiVentura's subsequent applications in 2001 and 2003 were both denied; he does not allege how the Board voted in those proceedings. (*Id.* ¶ 144.)

Plaintiff Diane Metzger received a life sentence in 1974. (*Id.* ¶ 180.) She filed applications for commutation in 1984, 1986, 1987, 1988, 1994, and 2003. (*Id.* ¶ 182.) In both 1987 and 1988, Metzger received a 4-0 vote from the Board in favor of commutation, but had her application denied by Governor Casey. (*Id.* ¶¶ 183-184.) In 2005, Metzger filed another application but was denied a hearing by 0-4 vote. (*Id.* ¶ 185.)

Plaintiffs filed their Amended Complaint on September 10, 2008. (Doc. 5.) Each Plaintiff brings claims for violations of 42 U.S.C. § 1983 for infringement of Substantive and Procedural Due Process under the Fifth (5th) and Fourteenth (14th) Amendments of the United States Constitution (Count I) and Equal Protection under the Fourteenth (14th) Amendment to the United States Constitution (Count II). All Plaintiffs, other than Hollis, also bring claims for violations of the *Ex Post Facto* clause of the United States Constitution (Count III).

Defendants filed a Motion to Dismiss the Amended Complaint on October 7, 2008. (Doc. 7.) On June 26, 2009, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. (Doc. 33.) Plaintiffs' proposed Second Amended Complaint adds class action allegations on behalf of a class consisting of all inmates who are serving life sentences without parole for crimes committed before July 31, 1995. (Doc. 33, Attach. 1, ¶ 91.) This proposed pleading also alleges that "Plaintiffs' claims are typical of the claims of members of the Class." (*Id.* ¶ 93.) Both motions have been fully brief and a ripe for

disposition at this time.

## LEGAL STANDARDS

### I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**II.     Motion to Amend Pleadings**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The most pertinent issue here is whether Plaintiffs' proposed amendments to their Complaint are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

**DISCUSSION**

**I.      Motion to Dismiss**

The question of standing "is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). The Supreme Court has identified three requirements that must be met to satisfy the "irreducible constitutional minimum" of standing in order for a federal court to adjudicate a particular case.

First, the plaintiff must have suffered an "injury in fact." That is to say, an invasion of a judicially cognizable interest must occur that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Bennett v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)); *see also Pennsylvania Prison Society v. Cortes*, 508 F.3d 156, 160-161 (3d Cir. 2007). Second, there must be a causal connection between the injury and the conduct complained of; in other words, the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Bennett*, 520 U.S. at 167; *Pennsylvania Prison*, 508 F.3d at 161. Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bennett*, 520 U.S. at 167; *Pennsylvania Prison*, 508 F.3d at 161. "The case-or-controversy requirement under Article III ensures that 'the Federal Judiciary respects the proper -- and properly limited -- role of the courts in a democratic society.'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). The standing inquiry serves 'to identify those disputes which are

appropriately resolved through the judicial process.'" *Lujan*, 504 U.S. at 560.

This Court had an opportunity to decide a very similar case earlier this year in *Pennsylvania Prison Society v. Cortes*, No. 1:CV-97-1731, 2009 U.S. Dist. LEXIS 48995 (M.D. Pa. June 11, 2009). In that case, three individual prisoner plaintiffs, five organizational plaintiffs, and seven voter/taxpayer plaintiffs brought a challenge against the amendment to the Pennsylvania Constitution that is at issue here. Plaintiffs in that case brought claims under the Due Process Clause, the *Ex Post Facto* clause, and the Equal Protection Clause, among others. *Id.* at *7. This Court held that the change in the voting requirement to unanimous approval by the Board violated the *Ex Post Facto* clause of the United States Constitution, but granted summary judgment in favor of Defendants on all other claims. *Id.* at *8. That order was vacated by the Third Circuit Court of Appeals and remanded to this Court for proceedings to develop the plaintiffs' standing to bring suit. *Id.* at *8-9. The Court of Appeals noted that none of the individual prisoner plaintiffs could establish a concrete and particularized injury without obtaining three votes from the Board, which would have been sufficient before the Amendments, but is now no longer enough to recommend commutation to the governor. *Id.* at *19. On remand, this Court held that the individual prisoner plaintiffs all lacked standing to bring suit because none of them had received the necessary majority vote after the 1997 amendments to create standing, pursuant to the court of appeals' mandate. *Id*. at 19-30.[1]

Similarly, none of the Plaintiffs in the instant case have alleged that they have received a majority vote in favor of recommending commendation from the Board. As

---

[1] This decision is currently being appealed the Third Circuit Court of Appeals.

8

outlined earlier, many of them received majority votes at some time before the 1997 amendments were passed, but were denied commutation by Governor Casey. However, none of them has successfully plead that they received a vote that would have been sufficient to support a recommendation under the pre-amendment scheme, but is insufficient under the current scheme. As such, they have not successfully plead a concrete and particularized injury sufficient to confer standing. Therefore, the motion to dismiss will be granted.

## II.     Motion to Amend Pleadings

As noted above, courts can deny motions to amend pleadings where such amendment would be futile. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

In the current case, the proposed motion to amend the pleadings would be futile. As this Court just discussed, the original complaint is deficient because the Plaintiffs lack standing to bring suit. Nothing in the proposed Second Amended Complaint alleges that any of the Plaintiffs have since received a majority vote from the Board after 1997 sufficient to create a concrete injury. Adding a class of unnamed plaintiffs whose claims are similar to those of the named Plaintiffs also does not cure the deficiency in the original complaint. If Plaintiffs' claims are typical of the would-be class, it stands to reason that the would-be class would also lack standing. Thus, Plaintiffs' proposed amendments would be futile because they do not cure the deficiencies in the original complaint. Therefore, Plaintiffs' Motion for Leave to File a Second Amended Complaint will be

denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted and Plaintiffs' Motion for Leave to File a Second Amended Complaint will be denied.

An appropriate Order follows.

| | |
|---|---|
| October 30, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS HOLLIS, JAMES TAYLOR, SIMON EVANS, MITCHELL DIVENTURA, and DIANE METZGER | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-1452 |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this 30th day of October, 2009, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss is **GRANTED.**

2. Plaintiffs' Motion for Leave to File Amended Complaint is **DENIED**.

3. The Clerk of the Court should mark this case as **CLOSED**.

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge